UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GIBBS, | No. 21-cv-06277 |
| Plaintiffs, | |
| v. | Judge Georgia N. Alexakis |
| ABT ELECTRONICS, INC. and RICKY ABT, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Justin Gibbs sued his former employer, defendant Abt Electronics, and its owner, defendant Ricky Abt (collectively "Abt"), under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Illinois Human Rights Act, the Illinois Wage and Payment Collection Act, and the Illinois Biometric Privacy Act ("BIPA"). *See generally* [19]. Abt moves for partial summary judgment on the BIPA claim [135], arguing that Gibbs has released his BIPA claim in other litigation and that principles of res judicata prevent him from reasserting it here. [135] at 1.

For the reasons that follow, the Court grants Abt's motion for partial summary judgment.

## I. Legal Standards

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II.     Background

Gibbs worked for Abt from February 2017 through April 2020. [149] ¶ 1. In the instant suit—filed on November 22, 2021—Gibbs alleged that Abt "required [Gibbs] to have his fingerprints scanned by a biometric timekeeping device each time he had to clock in or out." [19] ¶ 148; [1]. Gibbs alleges[1] that this violated BIPA, because before July 21, 2017, he had not been properly informed that his biometric information was being collected and stored; was not provided with a retention schedule or guidelines for the destruction of his biometric information; and did not consent in writing to the collection and storage. *Id.* ¶ 149; 740 ILCS 14/15(a)–(b).

More than two years before Gibbs brought this suit, Abt employee Marcus Kardos filed a class-action BIPA suit against Abt in state court. *See Kardos v. Abt Electronics Inc*, 2019-CH-01235 (Ill. Cir. Ct.). That case concluded with a settlement agreement in which, Abt asserts, Gibbs was identified as a putative class member and, as a result, the Settlement Administrator sent Gibbs notice at his last-known mailing address. [137] ¶ 17. Gibbs does not deny that class notice was sent but denies that he received any. [149] ¶ 5; [150-1] ¶ 3.

---

[1] Gibbs makes a number of other allegations regarding his treatment while employed at Abt, but because they are not relevant to the instant motion the Court does not discuss them.

2

### III. Analysis

The Court starts, as it often does at summary judgment, with Local Rule 56.1, which requires the responding party to go paragraph by paragraph, and to explain whether each fact is disputed, and if disputed, to cite the evidentiary material that disputes the fact. Local Rule 56.1(b)(2), (e)(2)–(3) (N.D. Ill.); *see also Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) (explaining that the Northern District's Local Rule 56.1 "aims to make summary-judgment decisionmaking manageable for courts"). Abt argues that Gibbs has failed to adhere to the rule and thus that its stated facts are undisputed for the purpose of summary judgment. [152] at 2; *see* Fed. R. Civ. P. 56(e)(2); N.D. Ill. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010). ("[A] district court may strictly enforce compliance with its local rules regarding summary judgment motions.").

But while Gibbs's reply may be repetitive, it is not procedurally inadequate. The denials to which Abt objects all include the following qualifier: " … to the extent Defendant claims Plaintiff was a party to the action, as Plaintiff was never a party to that suit, he was not given notice of the same, nor did Defendant's counsel notify this Court of the Kardos Matter … thereby waiving its right to pursue a res judicata, claim splitting defense." [149] ¶¶ 5–36. Whether Gibbs was a party to the *Kardos* settlement or whether Abt has waived a res judicata argument are of course legal conclusions. But whether Gibbs received actual notice of the *Kardos* settlement and whether Abt informed Gibbs or the Court of that settlement are facts that Gibbs

disputes in the cited declaration. *See* [150] ¶ 3 ("I was never notified of the state court class action lawsuit, regarding which Defendant claims I am a Plaintiff."); *id.* ¶ 7 ("Never once did Defendant's counsel assert that I was a class action plaintiff until after the suit had been concluded, over five years after the filing *Kardos* case and two and a half years after this case."). It is not clear for its part that Abt actually disputes Gibbs's assertions that he did not receive notice of the *Kardos* settlement or that Abt's counsel did not inform him of that suit.

The questions currently before the Court are thus whether Gibbs was a member of the *Kardos* settlement class and, if so, if there is any reason why he is not bound by that settlement. Gibbs does not argue that he falls outside the class definition. Nor could he: the settlement class consisted of "[a]ll individuals working or who worked for Abt in the State of Illinois and who had their purported biometric identifier(s) and/or biometric information collected, captured, otherwise obtained … by Abt from January 29, 2014 to September 29, 2019," a time that includes Gibbs's employment. [137-1] ¶ 37. Gibbs also does not argue that he excluded himself from or otherwise objected to the settlement agreement, as it provided. *Id.* ¶¶ 61–62.

Instead, Gibbs argues that he is not bound by the release in the settlement agreement because he never actually received notice of the settlement. [151] at 1, 3. Gibbs does not deny that there was class notification in *Kardos*, so the remaining question is whether the class notice that issued was sufficient to bind Gibbs.

It was. "It is largely irrelevant whether the Plaintiff received actual notice of the class settlement." *Purnell v. Sheriff of Cook Cnty.*, 07 C 7070, 2009 WL 1210651,

at *3 (N.D. Ill. May 4, 2009). Class notice must be "adequate," but that does not require that every single member of a putative class receive the notice in order to be bound by it. *Id.* (citing *Fontana v. Elrod*, 826 F.2d 729, 731–32 (7th Cir. 1987). "In properly certified class actions, parties who have *adequate* notice and (at a minimum) an opportunity to opt out of an earlier case may, if their interests are sufficiently aligned with one of the earlier parties, be bound by the results of that litigation. This is the theory on which Rule 23 is based." *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 972 (7th Cir. 1998) (emphasis added).

Gibbs does not argue that the *Kardos* class notice was inadequate under either federal or state law. And the Court agrees with the state court overseeing the matter that the notice was adequate for the purpose of res judicata. [149] ¶ 28. The *Kardos* settlement administrator "delivered at least one form of direct notice," like mail, email, or text message, to "99.14% of the Settlement Class." *Id.* ¶ 18. The Settlement Administrator used the email addresses, mailing addresses, and phone numbers provided to Abt by the employees in the class. *Id.* ¶¶ 19–21. If no phone number or email was available, the Settlement Administrator used the United States Postal Service database of verifiable mailing addresses and the National Change-of-Address database to find a valid mailing address. *Id.* ¶ 22. If that mail was returned undeliverable, the Settlement Administrator "mailed Notice to an updated address provided by the U.S. Postal Service" or used "a reverse look up or skip trace using social security numbers to find an updated address." *Id.* ¶ 23.

Thus, even accepting Gibbs's assertion that he did not receive actual notice, the Court concludes under the undisputed facts before it the *Kardos* notice was legally adequate. Because Gibbs does not dispute that he was a member of the *Kardos* class, and because class notice in *Kardos* was adequate, Gibbs is bound by the *Kardos* settlement agreement. *See Tice*, 162 F.3d at 972.

Gibbs's other argument, that Abt acquiesced to his "claim splitting" by failing to timely object to it, fares no better. [151] at 4. Claim splitting, "a subset of the res judicata doctrine," occurs when "a plaintiff brings [] a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," and is generally prohibited. *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (cleaned up).

Gibbs cites a single case, *Dinerstein v. Evanston Athletic Clubs, Inc.*, 2016 IL App (1st) 153388, but it does not help him. [151] at 4. In *Dinerstein*, the plaintiffs sued after falling from a rock-climbing wall at the defendant's athletic facility. *Dinerstein*, 2016 IL App (1st) 153388 ¶ 3. After having their case dismissed—some counts involuntarily and some voluntarily—the plaintiffs attempted to refile, which the Illinois appellate court concluded was "barred, in the first instance, by *res judicata*," but remanded to the trial court to determine whether the parties had reached "an agreement in effect" to allow plaintiff to refile. *Id.* ¶ 70. At the same time *Dinerstein* instructs that "mere silence alone cannot be sufficient to establish an agreement in effect." 2016 IL App (1st) 153388 ¶ 59. Yet Gibbs's argument relies entirely on Abt's silence: he contends that Abt "had a strategy to hide the *Kardos* case

6

in an effort to attempt to force [Gibbs] to accept a less desirable class action result over his separate BIPA claim." [151] at 4. Even assuming this is true, "counsel for one party is under no obligation to dispense legal advice to assist opposing counsel." *Dinerstein*, 2016 IL App (1st) 153388 ¶ 59. No exception to res judicata exists.

## IV.    Conclusion

For the foregoing reasons, the Court grants Abt's motion for partial summary judgment regarding Gibbs's BIPA claim.

_____
Georgia N. Alexakis
United States District Judge

Date: 8/21/25

7